1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5                   FOR THE DISTRICT OF ARIZONA

6

7  Farid Morceli,                        )    No. CV 11-1225-PHX-GMS (ECV)
                                         )
8            Petitioner,                 )    **REPORT AND RECOMMENDATION**
                                         )
9  vs.                                   )
                                         )
10                                       )
   Katrina S. Kane,                      )
11                                       )
             Respondent.                 )
12                                       )
                                         )
13 _____     )

14 TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

15         On June 22, 2011, Petitioner Farid Morceli filed a *pro se* Petition for Writ of Habeas

16 Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) alleging that immigration officials are holding

17 him in detention pending his removal to Algeria, but that his removal is not reasonably

18 foreseeable.  Petitioner seeks an immediate release from custody on the grounds that his

19 indefinite detention is not authorized by law because there is no prospect that he will be

20 removed in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001)

21 (when there is no reasonable likelihood that a foreign government will accept an alien's

22 return in the reasonably foreseeable future, the INS may not detain the alien for more than

23 the presumptively reasonable period of six months).  In an Order (Doc. 4) filed on August

24 30, 2011, the District Court Judge reviewed the petition and directed Respondent to file an

25 answer.  Respondent filed a Response to Petition for Writ of Habeas Corpus (Doc. 9) on

26 September 20, 2011.

27         On February 14, 2011, Respondent filed a Notice to the Court and Suggestion of

28 Mootness (Doc. 12) in which she asserts that Petitioner was released under an Order of

Supervision on September 13, 2011. Attached to the filing, Respondent provides a copy of the Order of Supervision establishing that Petitioner has been released from custody under the terms of the order. Id. Because Respondent's evidence demonstrates that Petitioner has obtained the relief he sought in his petition, this action is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) (alien's habeas petition challenging the length of his detention pending deportation was rendered moot when petitioner was released from custody and reparoled into the United States). The court will therefore recommend that the Petition for Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 28th day of February, 2012.

Steven P. Logan
United States Magistrate Judge